**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Eric VASQUEZ, Defendant–Appellant.**

No. 09–20827
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 15, 2010.

John Richard Berry, James Lee Turner, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Eric Vasquez, Fort Dix, NJ, pro se.

Before JONES, Chief Judge, and DAVIS and PRADO, Circuit Judges.

PER CURIAM: *

Eric Vasquez, federal prisoner # 39435–179, appeals the district court's denial of his post-trial, post-appeal FED.R.CIV.P. 33 motion for a new trial. We review the district court's denial for an abuse of discretion. *United States v. Sipe,* 388 F.3d 471, 492–93 (5th Cir.2004).

Vasquez based his motion for a new trial upon newly discovered evidence in the form of a sworn statement from a nontestifying codefendant, Bonifacio Hernandez, to the effect that Vasquez did not participate in the conspiracy to possess with the intent to distribute cocaine and in fact had no knowledge of the cocaine. A defendant moving for a new trial must show that: (1) the evidence is newly discovered and was unknown to him at the time of trial; (2) the defendant's failure to discover the evidence was not due to a lack of diligence; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence would probably produce acquittal at a new trial. *United States v. Freeman,* 77 F.3d 812, 817 (5th Cir.1996).

First, because defense counsel was aware of Hernandez's proposed testimony prior to trial, the evidence was not newly discovered. *See United States v. Desir,* 273 F.3d 39, 44 (5th Cir.2001). Second, there is no indication in the record that Vasquez exercised diligence in obtaining Hernandez's statement. Third, Hernandez's proffered testimony would not probably result in an acquittal. Accordingly, the district court did not abuse its discretion in denying the motion for a new trial. *See Freeman,* 77 F.3d at 817.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.